UNITED STATES DISTRICT COURT
<u>WESTERN DISTRICT OF NEW YORK</u>

UNITED STATES OF AMERICA,

v.

CHARITY LEE,

               Defendant.

Case # 22-CR-6031-FPG

DECISION AND ORDER

On March 9, 2023, Defendant Charity Lee, acting *pro se*, filed a letter requesting that the Court grant her time credits under the First Step Act ("FSA"), a reduction of her sentence, or a transfer to a residential reentry center or to home confinement. ECF No. 39. For the reasons that follow, her motion is DENIED WITHOUT PREJUDICE.

**BACKGROUND**

Defendant pleaded guilty to a one-count information charging a violation of 21 U.S.C. § 841(a)(1) on April 7, 2022. ECF Nos. 29, 30. On August 3, 2022, this Court sentenced her to a twenty-one-month term of imprisonment, with six years of supervised release. ECF No. 36. Defendant is currently serving her sentence at FPC Alderson, in Alderson, West Virginia. ECF No. 39.

In her letter, Defendant does not represent that she has participated in any FSA-eligible programs or otherwise earned time credits under the FSA since entering the custody of the Bureau of Prisons ("BOP"). *Id.* Defendant instead asks this Court to grant her time credits because she "missed the opportunity" to participate in programming that would have allowed her to earn such credits. *Id.* In addition to her request for FSA time credits, she also states that she has limited access to healthcare at FPC Alderson, and that she would "like the chance to return home to her community either by being in a halfway housing program or home confinement." *Id.* Finally, she

1

states that she "now know[s] what is truly important" and that she hopes to start her own business and volunteer with children in order to give back to the community that "she once help[ed] cause damage to." *Id.*

## DISCUSSION

### I.     The First Step Act

Defendant asks this Court to grant her time credits under the FSA, asserting that she was unable to participate in programming that would have allowed her to earn such credits because of pandemic-related scheduling conflicts and that current opportunities to participate in such programming are limited. *See* ECF No. 39. For the reasons that follow, the Court denies her request.

The FSA aims to encourage federal prisoners to participate in "evidence-based recidivism reduction programs" by, among other things, allowing prisoners to earn time credits, which in turn qualify them for early release from custody. *See* 18 U.S.C. §§ 3624(g)(1)(A), 3632(d)(4). Specifically, an eligible prisoner may earn up to 15 days of credit toward their sentence for "every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities."[1]  *Id.* § 3632(d)(4)(A). A prisoner becomes eligible for early release once her time credits equal the remainder of her imposed term of imprisonment. *Id.* § 3624(g)(1)(A); *see also Rosales v. Pliler*, No. 20-CV-2136, 2022 WL 16833656, at *4 (S.D.N.Y. Nov. 9, 2022). Where a prisoner's sentence includes a term of supervised release, the BOP may "transfer the prisoner to begin any such term of supervised release at an earlier date, not to exceed 12 months, based on the application of time credits." 18 U.S.C. § 3624(g)(3).

---

[1] Productive activities are group or individual activities that are "designed to allow prisoners determined as having a minimum or low risk of recidivating to remain productive and thereby maintain a minimum or low risk of recidivating, and may include the delivery of [evidence-based recidivism reduction programming] to other prisoners." 18 U.S.C. § 3635(5). Defendant does not assert that she is entitled to time credits based on successful participation in productive activities. *See generally* ECF No. 39.

Defendant asks the Court to grant her time credits even though, as she concedes, she has not participated in relevant recidivism reduction programming. ECF No. 39. Because Defendant has neither identified any programming that she has completed nor otherwise identified any time credits to which she is entitled, the Court has no authority to either grant such credits or direct the BOP to apply such credits to her sentence. *See Lallave v. Martinez*, 609 F. Supp. 3d 164, 183-84 (E.D.N.Y. 2022) (declining to consider petitioner's argument regarding time credits under the FSA where she did not identify any time credits for which she was eligible that had not been awarded); *Milchin v. Warden*, No. 22-CV-195, 2022 WL 1658836, at *3 (D. Conn. May 25, 2022) (finding no authority to order BOP to apply time credits where petitioner "did not complete sufficient programming due to limited program availability during the pandemic").

Moreover, to the extent that Defendant challenges the computation of her sentence, the proper vehicle for such a challenge is a petition for habeas corpus relief pursuant to 28 U.S.C. § 2241. *Cohen v. United States*, No. 20-CV-10833, 2021 WL 1549917, at *1 (S.D.N.Y. April 20, 2021) (citing *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) and *Levine v. Apker*, 455 F.3d 71, 78 (2d Cir. 2006)). Before seeking relief under § 2241, however, a federal prisoner must first exhaust any available administrative remedies, or else justify her failure to do so. *Carmona*, 243 F.3d at 634. For prisoners challenging the conditions of their confinement, the BOP has established the Administrative Remedy Program, which allows for "formal review of an issue relating to any aspect" of a person's confinement. *See* 28 C.F.R. § 542.10-.19. Whether Defendant may be entitled to time credits under the FSA is a "question of fact that the [BOP's] administrative remedy process is best suited to determine in the first instance." *Vieth v. Williams*, No. 21-CV-170, 2021 WL 5177567, at *2 (S.D. Ill. Nov. 8, 2021); *see also Rosenberg v. Pliler*, No. 21-CV-5321, 2021 WL 6014938, at *3 (S.D.N.Y. Dec. 20, 2021).

Because Defendant has not identified any credits for which she is eligible that have not been awarded, the Court denies her motion for time credits under the FSA. Nevertheless, if Defendant believes that she is eligible for such credits, she may seek an administrative remedy through the BOP program described above. Should the BOP deny her relief, she may then file a petition pursuant to 28 U.S.C. § 2241. The Court also notes that so long as Defendant is confined at FPC Alderson, the proper venue for any such petition would be the Southern District of West Virginia, not this district. *See United States v. Johnson*, No. 13-CR-92, 2018 WL 5045757, at *1 (S.D.N.Y. Oct. 17, 2018).

## II.     Compassionate Release

The Court construes Defendant's assertion that she "now know[s] what is truly important" and that she "would like the change to return home to her community," ECF No. 39, as a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Defendant also points to a lack of access to healthcare at FPC Alderson. *Id.* Because Defendant has not met the standard set forth in 18 U.S.C. § 3582(c)(1)(A)(i), the Court denies her motion.

"A court may not modify a term of imprisonment once it has been imposed except pursuant to statute." *United States v. Lucas*, No. 15-CR-13, 2020 WL 2059735, at *1 (W.D.N.Y. Apr. 29, 2020) (internal brackets omitted). "Section 3582(c)(1)(A) provides one such statutory exception, often referred to as 'compassionate release.'" *Id.* Under § 3582(c)(1)(A)(i), the sentencing court may reduce a term of imprisonment "if it finds that . . . extraordinary and compelling reasons warrant such a reduction." In order to obtain relief under this provision, a person must overcome several hurdles. Specifically, she "must show that (1) [she] has met the [statutory] exhaustion requirement[,] . . . (2) 'extraordinary and compelling reasons' warrant a reduction of [her]

4

sentence, (3) [she] is not a danger to others or the community, and (4) a reduction is consistent with the factors set forth in section 3553(a)." *Lucas*, 2020 WL 2059735, at *1.

Defendant has not shown that she has met the statutory exhaustion requirement. But even if she could, she has not demonstrated extraordinary and compelling reasons to reduce her sentence. Defendant has stated that she now "knows what is truly important and would like the chance to return home to the community" and that she would like to start her own business and participate in volunteer work with children in order to "give back to the community that [she] once help[ed] cause damage to."  ECF No. 39. While Defendant's change in perspective and hopes for the future are worth commending, rehabilitation by itself does not constitute an "extraordinary and compelling" reason justifying compassionate release. *See United States v. Poncedeleon*, No. 18-CR-6094, 2020 WL 3316107, at *3 (W.D.N.Y. June 18, 2020); *United States v. Sanchez*, No. 08-CR-789, 2020 WL 2571074, at *2 (S.D.N.Y. May 21, 2020).

And, while rehabilitation is a factor that the Court can consider in conjunction with others, *see United States v. DeJesus*, No. 6-CR-12, 2022 WL 1154251, at *5 (S.D.N.Y. April 19, 2022), Defendant has not presented any other extraordinary and compelling reasons warranting a reduction in her sentence. Although Defendant cites an apparent lack of access to healthcare, she has not described any way in which her specific health needs have been neglected. To the extent that her argument is that healthcare services at FPC Alderson are generally poor, that is not a reason to grant a motion for compassionate release. *See e.g., United States v. Parker*, No. 18-CR-138, 2023 WL 2806069, at *4 (W.D.N.Y. April 5, 2023) (citing *United States v. Lawrence*, No. 19-CR-347, 2022 WL 4000904, at *3 (S.D.N.Y. Sept. 1, 2022) ("[T]he conditions universally applicable to all inmates . . . do not give rise to extraordinary and compelling circumstances.")).

Because Defendant has not established the existence of "extraordinary and compelling reasons" warranting release, her motion for compassionate release is denied.

### III. Transfer to a Residential Reentry Center or Home Confinement

Defendant also states that she would like to be transferred to a "halfway housing program or home confinement." ECF No. 39. To the extent Defendant requests that the Court order such a transfer, the Court lacks authority to grant her request. *See Castelle v. Pullen*, No. 22-CV-297, 2022 WL 4448898, at *4 (D. Conn. Sept. 23, 2022).

The "BOP has the exclusive authority to determine the facility where an inmate will serve his sentence and to transfer the inmate from one facility to another." *Milchin*, 2022 WL 1658836, at *2. While Congress expanded the authority of the BOP to transfer inmates to home confinement under the CARES Act, that decision is reserved to the discretion of the BOP. *Castelle*, 2022 WL 4448898, at *4 (citing Pub. L. No. 116-136, 134 Stat. 281 (2020) and *Milchin*, 2022 WL 1658836, at *2). Courts faced with requests to be transferred to home confinement "have consistently denied such requests, as they lack authority to order such transfers." *Milchin*, 2022 WL 1658836, at *2 (citing *U.S. v. Woody*, 463 F. Supp. 3d 406, 408-09 (S.D.N.Y. 2020)). The decision to place a person in a residential reentry center is likewise within the discretion of the BOP. *See Johnson*, 2018 WL 5045757, at *2. The Court therefore has no authority to order the BOP to transfer Defendant to a residential reentry center or home confinement.

To the extent Defendant wishes to challenge the BOP's decisions related to her place of confinement, she must do so through the BOP's administrative remedy process before turning to the courts. *Johnson*, 2018 WL 5045757, at *1. If, after she has done so, she remains unsatisfied

with the result, she may then file a petition for habeas corpus relief under 28 U.S.C. § 2241.[2] Because this Court lacks authority to order BOP to transfer Defendant to a residential reentry center or to home confinement, Defendant's request is denied.

## CONCLUSION

For the foregoing reasons, Defendant's motion, ECF No. 39, is DENIED WITHOUT PREJUDICE to seeking relief in the appropriate forum.

IT IS SO ORDERED.

Dated: April 20, 2023
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York

---

[2] As with a potential challenge to the BOP's calculation of time credits under the FSA, so long as Defendant is confined at FPC Alderson, the proper venue for a § 2241 petition challenging her place of confinement would be the Southern District of West Virginia.